IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| RACHEL MCLAUCHLIN,<br><br>    Plaintiff,<br><br> v.<br><br>BALDWIN KRYSTYN SHERMAN PARTNERS, LLC; BALDWIN RISK PARTNERS, LLC; THE BALDWIN GROUP COLLEAGUE INC.; BRP COLLEAGUE INC; THE BALDWIN GROUP SOUTHEAST LLC<br><br>    Defendants. | Civil Action No. 3:25-cv-342 |

## NOTICE OF REMOVAL

Defendants The Baldwin Group Southeast, LLC f/k/a and i/s/h/a Baldwin Krystyn Sherman Partners, LLC[1], The Baldwin Insurance Group Holdings, LLC f/k/a and i/s/h/a Baldwin Risk Partners, LLC[2], The Baldwin Group Colleague, Inc. f/k/a and i/s/h/a BRP Colleague Inc.[3], and The Baldwin Group Southeast, LLC ("Defendants") hereby notice the removal of this action pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to the United States District Court for the Western District of North Carolina and as grounds therefore states:

**I. Timeliness of Removal**

  1. On or about April 22, 2025, Defendants received a copy of Plaintiff Rachel McLauchlin's Civil Summons and Complaint related to a civil action pending in the General Court

---

[1] Baldwin Krystyn Sherman Partners, LLC is no longer a legal entity and has been renamed The Baldwin Group Southeast, LLC.
[2] Baldwin Risk Partners, LLC is no longer a legal entity and has been renamed Baldwin Insurance Group Holdings, LLC.
[3] BRP Colleague Inc., is no longer a legal entity and has been renamed The Baldwin Group Colleague Inc.

of Justice, Superior Court Division, for Mecklenburg County, North Carolina, designated as File No. 25-cv-018476-590. A copy of the Civil Summons and Complaint issued to Defendants are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). Other than what is enclosed at Exhibit A, no other process, pleadings, or orders have been served upon or received by Defendants in this action to date.

2. Accordingly, Defendants are timely filing this Notice of Removal in advance of 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**II.  Venue**

3. The General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, is located within the Charlotte Division of the United States District Court for the Western District of North Carolina. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III.  Basis for Removal: Federal Question Jurisdiction**

4. This action is properly removable under 28 U.S.C. § 1441(c), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Plaintiff's Complaint alleges that she was subjected to retaliation and sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 ("ADA"); and discrimination and retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 ("FMLA") (*See* Complaint ¶¶ 1, 64-76, 107-129 at **Exhibit A**). It also asserts related claims under North Carolina law for alleged

2

Case 3:25-cv-00342-FDW-SCR     Document 1     Filed 05/22/25     Page 2 of 6

violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq*. (*Id*. at ¶¶ 77-83); the Retaliatory Employment and Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241. *et seq*. (*Id*. at ¶¶ 84-88); for wrongful discharge in violation of the public policy of North Carolina, in violation of N.C. Gen. Stat. § 143-422.2 (*Id*. at ¶¶ 89-102); and for breach of contract (*Id*. at ¶¶ 103-106).

6. By asserting claims under federal law, namely, Title VII, the ADA, and the FMLA, Plaintiff's Complaint asserts federal questions under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a) and (c).

IV. **Supplemental Jurisdiction**

7. This Court has supplemental jurisdiction over Plaintiff's state law claims for North Carolina law for alleged violations of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq*. (*Id*. at ¶¶ 77-83); the Retaliatory Employment and Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-241. *et seq*. (*Id*. at ¶¶ 84-88); for wrongful discharge in violation of the public policy of North Carolina, in violation of N.C. Gen. Stat. § 143-422.2 (*Id*. at ¶¶ 89-102); and for breach of contract (*Id*. at ¶¶ 103-106). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

13. Here, Plaintiff's state law claims relate closely to her Title VII, ADA, and FMLA claims. The claims all arise out of a common nucleus of operative facts, e.g., Plaintiff's

employment and termination from Defendants. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## V.     Conclusion

In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon counsel for all parties and filed with the Clerk of Superior Court of Mecklenburg County. A copy of Defendants' Notice of Filing of Notice of Removal to the state court is attached hereto as **Exhibit B**.

By removing this matter, Defendants do not waive or intend to waive any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendants remove this case and respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

Dated this the 22nd day of May, 2025.

Respectfully submitted,

/s/S. Abigail Littrell
S. Abigail Littrell, NC #49354
Kelly S. Hughes, NC #33439
*Attorneys for Defendants*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  abby.littrell@ogletree.com

# CERTIFICATE OF SERVICE

I, S. Abigail Littrell, hereby certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notice of the same to the following individuals. I also certify that I have served a copy of the same via United States Certified Mail, return receipt requested, properly addressed and with the correct amount of postage affixed thereon, to:

Daniel C. Lyon
N.C. State Bar No. 43828
ELLIOT MORGAN PARSONAGE, PLLC
300 E. Kingston Avenue, Suite 200
Charlotte, NC 28203
Telephone: (704-707-3705)
Facsimile: (336) 724-3335
Email: dlyon@emplawfirm.com

*Attorney for Plaintiff*


Dated this the 22nd day of May, 2025.

/s/S. Abigail Littrell
S. Abigail Littrell, NC #49354